934 F.2d 141
 Clint W. HARRIS and the Society of Separationists, Inc.,
Plaintiffs-Appellees,
v.
CITY OF ZION, LAKE COUNTY, ILLINOIS, Mayor of Zion and Zion
City Council, Defendants-Appellants.
Theodore M. KUHN and the Society of Separationists, Inc.,
Plaintiffs-Appellants,
v.
CITY OF ROLLING MEADOWS, Mayor of Rolling Meadows and the
Rolling Meadows City Council, Defendants-Appellees.
 Nos. 90-1542, 90-1673.
 United States Court of Appeals,
Seventh Circuit.
 June 10, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 87 C 7205--James B. Zagel, Judge.
 
 
 1
 Richard M. Gutman, Carlisle, Pa., for Clint W. Harris, Society of Separationists, Inc. and Theodore M. Kuhn.
 
 
 2
 Roderick A. Palmore, Paul S. Chervin, Jane Z. Bohrer, Wildman, Harrold, Allen & Dixon, Charles F. Marino, Chicago, Ill., Berle L. Schwartz, Goble & Alexrod, Highland Park, Ill., Adeline J. Geo-Karis, Zion, Ill., for City of Zion, Mayor of Zion and Zion City Council.
 
 
 3
 Darrell Dunham, Carbondale, Ill., for amicus curiae Rutherford Institute of Illinois.
 
 
 4
 Donald M. Rose, Kathleen Ross, Rose & Ross, Rolling Meadows, Ill., for Mayor of Rolling Meadows, Rolling Meadows City Council and City of Rolling Meadows, Cook County, Illinois.
 
 
 5
 Before BAUER, Chief Judge, and CUMMINGS, WOOD, Jr., CUDAHY, POSNER, COFFEY, FLAUM, EASTERBROOK, RIPPLE, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 6
 Defendants-Appellants, the City of Zion, the Mayor of Zion and the Zion City Council, and Defendants-Appellees, the City of Rolling Meadows, the Mayor of Rolling Meadows and the Rolling Meadows City Council, filed petitions for rehearing and suggestions of rehearing in banc on April 2, 1991. All members of the panel voted to deny the petitions for rehearing. A vote of the active members of the court was requested, and a majority of the active judges have voted to deny a rehearing in banc. Circuit Judges Cudahy, Posner, Coffey, Manion and Kanne voted to grant rehearing in banc. The petitions for rehearing are therefore DENIED.
 
 
 7
 EASTERBROOK, Circuit Judge, concurring in the denial of rehearing in banc.
 
 
 8
 My vote against rehearing does not reflect second thoughts about the position stated in my dissenting opinion or doubt about the importance of the issues. I believe, instead, that the case should proceed without further delay to the Court that can resolve the issues the panel addressed. Cf. Lee v. Weisman, --- U.S. ----, 111 S.Ct. 1305, 113 L.Ed.2d 240 (1991), granting cert. to review 908 F.2d 1090 (1st Cir.1990).
 
 
 9
 CUDAHY, Circuit Judge, with whom MANION, Circuit Judge, joins, dissenting from denial of rehearing en banc.
 
 
 10
 Whatever else may be said about the panel opinion (Harris v. City of Zion, Kuhn v. City of Rolling Meadows, 927 F.2d 1401 (7th Cir.1991)), its potential impact is sweeping. The rationale that any religious reference ("endorsement" is a misnomer) in a municipality's mark or name is constitutionally suspect apparently puts in jeopardy the names of famous cities across the land. St. Louis, Santa Fe, Los Angeles--even places like Devil's Head and Hell's Canyon (diabolism?)--come to mind, not to mention Zion itself. The resonantly Biblical name "Zion" for a city, under the present logic, advances and endorses Judaism or Christianity or both.
 
 
 11
 I think that the district court had it right in Rolling Meadows. Assuming that the diminutive symbol in question is a Roman cross--it might be a telephone pole--any message of endorsement is either non-existent or de minimis. There is little evidence of meaningful offense from the fancied religious implications of this ambiguous design--created by a school child. The plaintiffs' injury is elusive, and I share Judge Easterbrook's doubt whether it is the sort of harm that rises to a "case or controversy" or the type of injury crying out for constitutional redress. Cf. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 482-87, 102 S.Ct. 752, 763-66, 70 L.Ed.2d 700 (1982) (simple offense at perceived constitutional violation not enough to provide standing).
 
 
 12
 The Zion seal has been part of that city's nearly 100-year history, and has always been so regarded (with affection and pride) until the plaintiff's claim of harm implausibly conjured up the First Amendment. Again, the claim of injury seems not only too far-fetched to win "case or controversy" status but actually appears manufactured for purposes of litigation only. In any event the Zion seal merely reflects an historical fact--that the city was founded, named and emblematized as an act of protestant evangelism. It is not the function of the courts to cause the historical facts to vanish--even through a whiff of the First Amendment.
 
 
 13
 If the seal of Salt Lake City were to show Brigham Young emerging from the mountains toward the valley of the Great Salt Lake with the Book of Mormon (or even the golden plates of Joseph Smith) tucked under his arm, anyone with a common sense of history would see this as reflecting a dramatic event in American history--hardly as an endorsement of a religion. In fact, there were excellent reasons why the Mormons might have named their Utah destination "Zion"[1]--thereby catching themselves in the constitutional snares of the present doctrine.
 
 
 14
 This analysis appears to meet the Lemon test, Lemon v. Kurtzman, 403 U.S. 602, 612-13, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971). In Rolling Meadows only the "effects" prong is arguably implicated and it seems to me that the seal gives rise to no effects of consequence. In Zion both the "effects" and the "purpose" prongs are met by the historical setting of the seal. Any religious purpose resides far in the past while the current purpose is purely commemorative, and the present effects of the seal are only to call a unique history to mind.
 
 
 15
 The history of the city of Zion (Illinois) cannot be erased or obliterated. The city has stood for almost a hundred years as a memento of Christian evangelism. To destroy the seal, which contemporaneously reflected the founding of the city, is to demean an important value in the name of a threat which simply isn't there. It is significant that the Zion city council, containing no members of the "Christian Catholic" sect and presumably therefore victims rather than beneficiaries of the seal's imagined religious implications, voted with enthusiasm to keep it as their historical heritage.
 
 
 16
 The "wall of separation" between church and state is not in question, but we need not sprinkle broken glass and string barbed wire on top. This important opinion needs careful reconsideration by the whole court and/or the United States Supreme Court.
 
 
 
 [1]
 Cf. Zion National Park in southwestern Utah